IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| NICOLE D. SNORTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 22-1190 |
| DHL GLOBAL FORWARDING, | ) ) ) |
| Defendant. | ) ) |

## ORDER

Pending before the Court is Plaintiff's Motion for Leave to Proceed *in forma pauperis* ("Motion"). ECF No. 2. When a plaintiff seeks leave to proceed in forma pauperis, her complaint is subject to review by the district court. *See* 28 U.S.C. § 1915(e)(2). The district court shall dismiss the case if the court determines that the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Here, Plaintiff states that she is bringing a case of discriminatory conduct due to unequal terms and conditions of her employment due to race and color discrimination and complains of retaliation. Her Complaint contains largely vague and conclusory statements in support of her claims. She stated that there were "subtle" statements and actions made against her and that she did not receive the training she requested and did not receive a promised raise at the six-month mark. ECF No. 1 at 5.

Title VII prohibits employers from discriminating against their employees on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). To state a claim discrimination under Title VII, Plaintiff must plead,  (1) that she is a member of a protected class, (2) that she

suffered an adverse employment action, and (3) causation. *Abrego v. Wilkie*, 907 F.3d 1004, 1012 (7th Cir. 2018). Here, Plaintiff does not plead that she was fired, demoted, or denied a promotion. *See Lavalais v. Village of Melrose Park*, 734 F.3d 629, 634 (7th Cir. 2013) (a "materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, *significantly diminished material responsibilities*, or other indices that might be unique to a particular situation")(internal citations and quotation marks omitted). Accordingly, she has not alleged that an adverse employment action. She also does not clearly allege that she was treated worse than employees of another race. She complains of continuing in her same position without a promised raise and without the training she desired. Without more, that is not enough to state a claim of discrimination.

"Pleading a retaliation claim under Title VII requires the plaintiff to 'allege that she engaged in statutorily protected activity and was subjected to an adverse employment action as a result.'" *Carlson v. CSX Trans., Inc.*, 758 F.3d 819 , 828 (7th Cir. 2014) (citing *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014 , 1029 (7th Cir. 2013)). Plaintiff neither alleges that engaged in a protected activity or that she was subject to an adverse employment action. Accordingly, her Complaint fails on this issue as well.

Plaintiff does not clearly state a claim for relief and the Court cannot conclude that the Complaint is anything other than frivolous. Accordingly, Plaintiff's Motion to Proceed *In forma Pauperis* [2] is DENIED. It is further ORDERED that Plaintiff's Complaint [1] is DISMISSED due to her failure to state a claim. The Court will enter final judgment against Plaintiff and dismiss this case unless she files an amended complaint within twenty-eight (28) days of this Order that remedies the deficiencies described above.

ENTERED this 12th day of September, 2022.

                                                             /s/ Michael M. Mihm  
                                                                Michael M. Mihm  
                                                         United States District Judge